IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERMAINE MATHIS,
    Petitioner,

vs.                                    Case No.:  3:14cv47/RV/EMT

WARDEN, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    This case is before the court on Petitioner's second amended habeas petition, filed pursuant to 28 U.S.C. § 2241 (doc. 8). Respondents filed a response to the petition (doc. 15). Petitioner filed a reply (doc. 17).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    RELEVANT BACKGROUND[1]

    In a superseding indictment, a federal grand jury in the United States District Court for the Southern District of Florida indicted Petitioner on a charge of conspiracy to possess with intent to distribute less than 500 grams of cocaine and less than 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (doc. 15, Ex. 1).[2] On June 25, 2003, a jury found

---

[1] Petitioner does not dispute Respondents' rendition of the background of this case set forth in their Response (doc. 15 at 2–7). Additionally, that rendition is supported by those portions of the record of Petitioner's underlying criminal case submitted by Respondents (doc. 15, Exhibits).

[2] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondents' Response (doc. 15).

Petitioner guilty as charged, including a specific finding that he conspired to possess with intent to distribute cocaine weighing less than 500 grams and cocaine base ("crack" cocaine) weighing less than 5 grams (Ex. 2). The Government filed a notice that it was seeking an enhanced sentence, pursuant to 21 U.S.C. §§ 841(b) and 851(a), based upon two prior felony drug convictions. *See* United States v. Mathis, No. 4:99cr10035-KMM, Second Offender Information Notice (S.D. Fla. May 25, 2001). On October 16, 2003, the court sentenced Petitioner to a term of 262 months of imprisonment, followed by a six-year term of supervised release (Ex. 5). The court determined Petitioner qualified as a career offender under § 4B1.1(a), (b) of the United States Sentencing Guidelines, because his prior convictions included two controlled substance offenses (*see* doc. 2, attached sentencing transcript at 19–25).[3] Pursuant to 21 U.S.C. § 841(b)(1)(C), the statutory maximum for his offense of conviction thus increased from twenty (20) to thirty (30) years, based upon his prior conviction for a felony drug offense. The Eleventh Circuit Court of Appeals affirmed the judgment of conviction and sentence. *See* United States v. Mathis, 127 F. App'x 470 (11th Cir. 2004) (unpublished).

On December 20, 2005, Petitioner filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (Ex. 6). On August 1, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the motion be denied (Ex. 7). On August 22, 2006, the District Judge adopted the Report and Recommendation and denied the § 2255 motion (Ex. 8). Both the district court and the Eleventh Circuit denied Petitioner's motions for a certificate of appealability (Exs. 9–12).

Petitioner filed a motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) (*see* Ex. 13). The district court denied the motion in an order rendered April 22, 2008, and denied Petitioner's motion for reconsideration (Exs. 13–15). On April 14, 2009, the Eleventh Circuit dismissed Petitioner's appeal of the district court's decision (Ex. 19).

Petitioner filed another motion for sentence reduction, which the district court denied in a paperless order on August 17, 2009 (*see* doc. 15 at 4). The Eleventh Circuit affirmed the decision on March 25, 2010 (Ex. 21). During the pendency of that appeal, Petitioner filed a "Motion to Revisit" the criminal judgment (*see* Ex. 20). The district court denied the motion in an order rendered

---

[3] Petitioner was convicted in February of 1992 for possession of cocaine, and in June of 1993 for manufacture and possession of a controlled substance (*see* doc. 2, sentencing transcript at 19–20, 24). *See* United States v. Mathis, No. 4:99cr10035-KMM, Second Offender Information Notice with attachments (S.D. Fla. May 25, 2001).

July 27, 2010 (Ex. 20).  On January 18, 2011, the Eleventh Circuit vacated the district court's order and remanded for the district court to dismiss the motion for lack of jurisdiction (Ex. 22).

On April 3, 2011, Petitioner filed another § 2255 motion (Ex. 24).  The district court dismissed the motion as successive (*see* Ex. 25).  The Eleventh Circuit denied Petitioner's motion for a certificate of appealability (Ex. 25).

On October 15, 2011, Petitioner filed another motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) (Ex. 26).  The district court denied the motion on December 7, 2011 (Ex. 27). The Eleventh Circuit affirmed the decision on January 29, 2013 (Ex. 31).

On April 6, 2012, Petitioner filed a habeas petition under 28 U.S.C. § 2241 (Ex. 28).  On November 28, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the petition be dismissed as an unauthorized or successive § 2255 motion (Ex. 30).  In a paperless order rendered December 12, 2012, the District Judge adopted the Report and Recommendation and denied the petition (*see* doc. 15 at 6).

Petitioner filed the instant § 2241 petition on February 15, 2014 (doc. 1 at 6).  He was housed at the Federal Prison Camp in Pensacola, Florida, when he filed his petition (*id.* at 1), and he is still housed there.  Petitioner raises the following claims:

> Ground One:  "[A]ctual innocence" of sentencing enhancement above statutory maximum.  [T]he base offense level under the career offender level 34 is above the statutory maximum for the crime of conviction, which the correct statutory maximum is 10 years to [sic] the admitted facts of the offense conduct at trial and raised at sentencing that the career offender level should be 24."
>
> Ground Two:  "[I]neffective counsel [sic] for failure to raise claim on appeal. [C]ounsel was ineffective by not raising claim on appeal when same counsel was aware of facts and marshaled for the 10 year maximum sentence at the sentence hearing; and refusing to raise after [P]etitioner requested him to do so, as Circuit law provided for the lower sentence than received."
>
> Ground Three:  "Illegal detention above the statutory maximum for the crime of conviction.  [P]risoner has exceeded the duration of confinement for the crime of conviction statutory maximum penalty under 21 U.S.C. § 841(a)(1) and 841(b)(1)(D). See exception under provision in 841(b)(1)(C); and facts admitted by prisoner at trial."

Case 3:14-cv-00047-RV-EMT   Document 21   Filed 06/19/14   Page 4 of 7

Page 4 of 7

> Ground Four: "Ineffective counsel for not raising claim above maximum. At trial, counsel marshaled facts that prisoner admitted, which removed issue from jury to offense facts that lessened harsher penalty in Indictment, which only left issue for jury to [sic] finding of guilt."

(doc. 1 at 3–4).

II.   ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[4] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir.

---

[4] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Title 28 U.S.C. § 2255(e) provides in pertinent part:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

      The Eleventh Circuit has interpreted the "savings clause" to apply when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *See* Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); *see also, e.g.*, Price v. United States, 551 F. App'x 511, 512 (11th Cir. 2014) (unpublished) (citing Sawyer). The Eleventh Circuit has further held that a sentencing claim involving the statutory maximum may pass muster under the "savings clause" if the claim is based on a retroactively applicable Supreme Court decision, and the decision overturned a circuit precedent that squarely foreclosed the claim such that the petitioner had no genuine opportunity to raise it in the trial court, on direct appeal, or in his first § 2255 motion. *See* Bryant v. Warden, FCC Coleman–Medium, 739 F.3d 1253, 1275 (11th Cir. 2013). The petitioner bears the burden of presenting evidence that

affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy.  *See* Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013).

Here, Petitioner relies upon the Supreme Court's decision in Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008) to open the "savings clause" portal (*see* doc. 17 at 8, 19).  The Supreme Court decision in Begay set forth a new standard to evaluate which crimes constitute violent felonies under the Armed Career Criminal Act ("ACCA"). 553 U.S. at 141–43.  In this case, however, Petitioner was not sentenced under the ACCA.  Therefore, he may not rely upon Begay to open the "savings clause" portal for review of his claims.

Petitioner also relies upon Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and the Apprendi-based cases of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) (doc. 17 at 9–18).  However, Apprendi was decided in 2000, prior to Petitioner's sentencing in 2003.  Further, neither Blakely nor Booker applies retroactively on collateral review. *See* Dohrmann v. United States, 442 F.3d 1279, 1281–82 (11th Cir. 2006); Varela v. United States, 400 F.3d 864, 866–68 (11th Cir. 2005); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001).

Finally, Petitioner's argument that § 2255 is inadequate and ineffective to test the legality of his detention because he was procedurally barred from raising his sentencing claims in that proceeding (because his counsel performed ineffectively by failing to raise them at trial and on direct appeal), is unavailing.  *See* Bryant, 738 F.3d at 1272 ("[S]imply because a defendant faces a procedural bar in his first § 2255 motion—such as a limitations period or procedural default—this also does not render the first § 2255 motion inadequate or ineffective.").

III.   CONCLUSION

In summary, review under § 2241 is unavailable because Petitioner challenges the validity, not the execution, of his sentence.  Furthermore, he has not shown that any of his claims open the "savings clause" portal to review.  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the second amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 8) be **DISMISSED for lack of jurisdiction**.

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 19th day of June 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case No: 3:14cv47/RV/EMT